[Crim. No. 8014.  Second Dist., Div. One.  Oct. 5, 1962].

THE PEOPLE, Plaintiff and Respondent, v. SOLLY TERENO, Defendant and Appellant.

Matthews & Stanley for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Having found defendant guilty of four counts of bookmaking in violation of section 337a, subdivisions 1 and 3, Penal Code, the trial judge on February 10, 1961, sentenced

him to a term of 180 days in the county jail; he suspended sentence and granted defendant probation for a period of three years on certain specified terms and conditions, among them, that defendant "not gamble or engage in any bookmaking activities or have paraphe[r]nalia thereof in his possession, and not be present in places where gambling or bookmaking is conducted," and that he "obey all laws, orders, rules and regulations of the probation department and of the court." Shortly thereafter defendant was again arrested and charged with four counts of bookmaking; he was found guilty of a violation of section 337a, subdivision 3, Penal Code, as alleged in count 3 of the information (no. 242588). On August 22, 1961, the court denied probation and sentenced defendant to 90 days in the county jail. At the same time, and in the instant case, the court found defendant to be in violation of the probation order of February 10, 1961, and ordered the same modified to provide that he serve the next 90 days in the county jail, probation to continue under the same terms and conditions upon his release. The court ordered the jail terms in case no. 242588 and in the instant case to run concurrently. From the judgment defendant appeals.

It appearing that defendant engaged in bookmaking activities on March 23, 1961, for which he was charged and convicted (judgment affirmed by this court on August 29, 1962, *People* v. *Tereno*, 207 Cal.App.2d 246 [24 Cal.Rptr. 501], in violation of section 337a, subdivision 3, Penal Code, and the probation order of February 10, 1961, the lower court properly found defendant to be in violation of the order, and modified the same. The judgment is affirmed.

While defendant has also appealed from an order denying a motion for new trial, the record in both cases is silent concerning such a motion and no order relative to denial of a new trial appears therein. Thus, appeal from the purported order is dismissed.

Wood, P. J., concurred.